UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MICHAEL RODRIGUEZ,

        Petitioner,

-v-                                    No. 09 Civ. 10285 (LTS)(DF)

MARK L. BRADT, Superintendent of Elmira Correctional Facility,

        Respondent.

-------------------------------------------------------x

## MEMORANDUM ORDER

On September 14, 2011, Magistrate Judge Debra C. Freeman issued a Report and Recommendation ("Report") recommending that the November 12, 2009 petition of Michael Rodriguez ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Timely objections to the Report ("Objections") were received from Petitioner. Familiarity with the Report is presumed.

Petitioner was convicted on January 23, 2007, upon his guilty plea, of one count of Murder in the Second Degree, in violation of N.Y. Penal Law § 125.25. On January 30, 2007, Petitioner moved to withdraw his plea. On May 23, 2007, the trial court denied Petitioner's motion, and sentenced Petitioner to an indeterminate prison term of fifteen years to life. Petitioner's conviction was affirmed by the New York Supreme Court, Appellate Division. His subsequent application to the New York Court of Appeals for leave to appeal was denied. Petitioner filed this habeas petition on November 12, 2009, arguing that his Fourth Amendment rights were violated by an unlawful search of his mother's apartment and his own arrest, and that his guilty plea was not knowing and voluntary because his attorney pressured him to accept the

plea, he did not have sufficient time to consider the plea, and his attorney misrepresented that if Petitioner accepted the plea, he would be released on parole after 15 years.

Petitioner raises the following nine objections to the Report, contending that Judge Freeman erred in (1) recommending that each of Petitioner's claims was subject to dismissal on the merits; (2) suggesting that the spirit of the law be done away with in favor of the letter of the law; (3) using an incorrect standard of review; (4) rejecting Petitioner's Fourth Amendment claims; (5) misconstruing Petitioner's request for an evidentiary hearing as an effort to simply relitigate his claims; (5) misconstruing Petitioner's argument that the state court ignored evidence that supported Petitioner's claim; (6) misinterpreting Petitioner's argument that his guilty plea was invalid because he had inadequate time to consider the plea offer; (7) misconstruing why Petitioner could not demonstrate that he relied upon his attorney's misrepresentations in pleading guilty; and (8) not recommending that Petitioner be granted an evidentiary hearing in order to develop a further factual record as to the circumstances of Petitioner's guilty plea.

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(c) (West 2006). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors HourlyRate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings);

Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr.6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific basis for not adopting report and recommendation). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Carnardo, 806 F. Supp. at 381-82.

Of Petitioner's nine objections to the Report, only two - Objections Three and Six are specific enough to warrant de novo review. In Objection Three, Petitioner asserts that the standard of review Judge Freeman applied when considering Petitioner's habeas claim was incomplete. Reviewing this area of the Report de novo, the Court finds that Judge Freeman applied the correct standard of review. Petitioner's argument that the Report should have included additional language as to the appropriate standard of review is unavailing - the Report comprehensively sets forth the standard of review to be used when determining a writ of habeas corpus on a claim that has been previously adjudicated on the merits in state court, and Petitioner's suggested additions are superfluous. In Objection Six, Petitioner asserts that Judge Freeman incorrectly stated that Petitioner believed his guilty plea was invalid because he had inadequate time to consider the plea offer. Instead, Petitioner admits that he had sufficient time to consider the plea offer. This Objection serves only to further support the Report's recommendation that Petitioner's habeas claim be denied.

Petitioner's seven remaining objections are conclusory or merely reiterate or elaborate on arguments that Petitioner made in his original habeas petition. Accordingly, these seven objections are entitled to only clear error review. Nonetheless, the Court has conducted a

de novo review of all aspects of the Report to which objections have been made and finds Judge Freeman's thorough and thoughtful analysis to be entirely correct. The Court has also reviewed the remaining aspects of the Report's analysis and finds no clear error.

For the foregoing reasons, the Court adopts the Report in its entirety, and the petition for writ of habeas corpus is denied. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. 28 U.S.C. § 2253(c)(2); see also United States v. Perez, 139 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
       December 23, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge